IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS MIHALIK,
    Plaintiff,

v.                                              Case No.: 3:04cv258/RV/EMT

EXPRESSJET AIRLINES d/b/a
CONTINENTAL EXPRESS,
    Defendant.
_____/

## **ORDER**

       This matter is before the court on Defendant's Motion to Strike Plaintiff's Second Notice of Intent for a Motion for Sanctions Under Fed. R. Civ. P. 11(b) (Docs. 23, 20). As grounds for the motion to strike, Defendant contends Plaintiff's "Second Notice" is impertinent and in fact violates the clear language of Rule 11 which prohibits a party from presenting a motion for sanctions to the court without complying with the service and "safe harbor" requirements of the Rule (*see* Doc. 23, ¶ 1). Defendant further argues the "Second Notice" improperly attacks and impugns his character without any legal or factual basis (*id*., ¶ 3).

       Rule 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "Pleadings" are defined in Rule 7:

> (a) **Pleadings**. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Fed.R.Civ.P. 7(a). A notice is not a pleading, and thus a motion to strike a notice is not proper under

12(f).  *See* <u>Morroni v. Gunderson</u>, 169 F.R.D. 168, 170 (M.D. Fla. 1996).  Therefore, Defendant's motion to strike shall be denied.

However, the court will take this opportunity to advise Plaintiff, proceeding pro se, that he may be subject to Rule 11 sanctions if he continues to file notices of his intent to file a motion for sanctions against Defendant.  Rule 11 subjects a party to sanctions for filing pleadings, motions, or other papers for any "improper purpose."  Fed.R.Civ.P. 11(b)(1), (c).  Under certain circumstances, if a party has no legal basis or justification for filing a paper, the purpose for the filing may be deemed improper.  This Court previously advised Plaintiff, upon filing his first Notice of Intent for a Motion for Sanctions Under Fed.R.Civ.P. 11(b) (Doc. 15), that the filing of such a notice was not in compliance with Rule 11, which expressly provides that a motion for sanctions shall not be filed or presented to the court unless the motion has been served on the other party at least twenty-one (21) days prior and the challenged material has not been withdrawn or corrected (*see* Doc. 19).  Fed.R.Civ.P. 11(c)(1)(A).  Subsequent to the issuance of that order, Plaintiff filed the "Second Notice" in which he admitted the 21-day period had not expired prior to presenting the issue to the court (*see* Doc. 20 at 2).  Plaintiff should consider this a warning that disregard of the procedural rules may subject him to sanctions.

Accordingly, it is **ORDERED**:

Defendant's Motion to Strike Plaintiff's Second Notice of Intent for a Motion for Sanctions Under Fed. R. Civ. P. 11(b) (Doc. 23) is **DENIED**.

**DONE AND ORDERED** this 14th day of June, 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**