IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS MIHALIK,
    Plaintiff,

v.                                                     Case No.: 3:04cv258/RV/EMT

EXPRESSJET AIRLINES d/b/a
CONTINENTAL EXPRESS,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, proceeding pro se, brought this action against Defendant for Defendant's alleged unlawful termination of his employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § § 612-634 (*see* Doc. 10).  Now pending is Defendant's Motion For Judgment on the Pleadings pursuant to FED.R.CIV.P. 12(c) (Doc. 21).  Plaintiff responded in opposition to the motion (Docs. 25, 26, 29).

    On a motion for judgment on the pleadings where, as here, no matters outside the pleadings are presented, the factual allegations in the complaint are taken as true, but those in the answer are taken as true only where and to the extent they have not been denied or do not conflict with the allegations in the complaint.  *See* Ortega v. Christian, 85 F.3d 1521, 1524-25 (11th Cir.1996); Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1957).[1]  In addition to assuming the truthfulness of the factual allegations in the complaint, all reasonable inferences from these facts are drawn in favor of the nonmoving party.  *See* Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002).  Judgment on the pleadings is appropriate only if all material issues can be resolved on the pleadings, and it is clear

---

    [1]In Bonner v. City of Prichard, Ala., 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted the precedent of the former Fifth Circuit prior to September 30, 1981, as its binding precedent.

that the plaintiff would not be entitled to relief under any set of circumstances consistent with the allegations in the complaint.  *See* <u>Slagle v. ITT Hartford</u>, 102 F.3d 494, 497 (11th Cir. 1996) (citing <u>Ortega</u>, 85 F.3d at 1524; <u>Horsely</u>, 304 F.3d at 1131 (internal quotation and citations omitted).

Title 29, United States Code, Section 623(a)(1) states, in relevant part:

(a) Employer practices

It shall be unlawful for an employer--

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; . . .

To state a claim of disparate treatment under the ADEA, a plaintiff must allege direct evidence that age was the determining factor in the adverse employment action, or he may inferentially state a claim of disparate treatment by alleging he was replaced by a younger person. *See* <u>Chapman v. AI Transport</u>, 229 F.3d 1012, 1024 (11th Cir. 2000) (citations omitted). Additionally, the United States Supreme Court has recently recognized the availability of a claim under the ADEA based upon a disparate impact theory of liability, whereby an employee must identify a specific, neutral test, requirement, or practice that has an adverse impact on older workers. *See* <u>Smith v. City of Jackson, Miss.</u>, ___ U.S. ___, 125 S.Ct. 1536, 1545, 161 L.Ed.2d 410 (2005). A third theory of liability recognized by some circuit courts is hostile work environment. Although the Eleventh Circuit has not recognized the existence of a hostile environment claim under the ADEA, *see* <u>Hipp v. Liberty Nat. Life Ins. Co.</u>, 252 F.3d 1208, 1244-45 and n.80 (11th Cir. 2001), assuming that such exists, a plaintiff must allege:  (1) he belongs to a protected group; (2) he has been subjected to harassment; (3) the harassment must have been based on his age; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable.  *See* <u>Mendoza v. Borden, Inc.</u>, 195 F.3d 1238, 1245 (11th Cir. 1999).

Defendant contends the allegations in Plaintiff's amended complaint do not, as a matter of law, constitute discriminatory conduct on the basis of Plaintiff's age, whether under a theory of discriminatory adverse employment actions or discriminatory hostile environment.  Specifically, Defendant contends that although the complaint alleges an adverse employment action, it does not allege Plaintiff's position was filled by a younger worker.  Furthermore, Defendant argues the amended complaint concedes Plaintiff was suspended due to a "litany of complaints" concerning Plaintiff's mistreatment of his co-workers, and Plaintiff does not allege that this proffered reason for his suspension was false or pretextual.  Thus, he has failed to allege a violation of the ADEA.

The amended complaint alleges Defendant violated Title 29, United States Code, Section 623(a) by requiring Plaintiff to submit to a fitness for duty evaluation, suspending Plaintiff and "constructively" demoting and terminating him for allegedly engaging in abusive treatment toward coworkers (Doc. 10, ¶¶ 17, 19, 42).  Plaintiff alleges he is over the age of forty (*id.*, ¶ 8).  He asserts Defendant began soliciting complaints about Plaintiff from his coworkers after Plaintiff filed a written complaint that a younger employee had physically threatened him (*id.*, ¶¶ 29, 32, 36).  Plaintiff concedes Defendant received several complaints from coworkers alleging Plaintiff engaged in abusive behavior toward them, but he contends the incidents were "innocent events whose nature was perverted," and thus did not constitute "reasonable cause" for the fitness examination or his suspension (*id.*, ¶¶ 21, 26).  He further contends other pilots who engaged in similar acts were not subjected to fitness evaluations (*id.*, ¶ 25).  Plaintiff alleges his "age-based seniority" created financial costs and scheduling problems for Defendant (*id.*, ¶¶ 49, 50).  He states he was treated differently than other employees and segregated from them (*id.*, ¶¶ 40, 41).  Plaintiff contends Defendant's conduct was intentionally discriminatory and created a hostile work environment (*id.*, ¶¶ 39, 53).

Plaintiff does not allege the existence of a specific employment practice that is facially neutral but in fact falls more harshly on older employees, as is required to state a claim based on a disparate impact theory of liability.  Although he alleges his seniority status is based upon his age, and employees with more senior status are more expensive for Defendant to maintain as employees (*see* Doc. 10, ¶¶ 7, 49, 50), he does not allege that the seniority system had an adverse impact on

older workers.  Furthermore, Plaintiff does not state or suggest that the alleged harassment he suffered was based on his age.

Moreover, Plaintiff does not allege that his age was a determining factor in Defendant's subjecting him to a fitness exam, suspending him, or "constructively terminating" his employment. Although he alleges "other pilots" who engaged in conduct similar to the conduct of which Plaintiff was accused were not subjected to fitness exams, he does not allege the other pilots were younger than him.  Similarly, although he alleges he complained to Defendant that a younger employee physically threatened him, and Defendant failed to inform him of the status of Plaintiff's complaint against this individual, Plaintiff does not allege Defendant treated the younger employee differently than Plaintiff, or that the number and nature of complaints against the younger employee were similar to the number and nature of complaints against Plaintiff.  However, because Plaintiff is proceeding pro se, this Court is obliged to liberally construe his pleadings and hold them to less stringent standards than formal pleadings drafted by lawyers.  *See* Haines v. Cornier, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  Construing the allegations in this manner, they reasonably infer that Plaintiff's suspension for allegedly engaging in abusive behavior towards co-workers was a pretext for suspending Plaintiff due to his age.  Therefore, judgment on the pleadings is not appropriate.

Accordingly, it is respectfully **RECOMMENDED**:

That Defendant's Motion For Judgment On The Pleadings (Doc. 21) be **DENIED**.

At Pensacola, Florida this  23rd day of June, 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.:  3:04cv258/RV/EMT